UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

DOLLIE GATES,                          1:16-cv-01492-NLH-AMD
On behalf of herself and all
others similarly situated,,            **OPINION**

          Plaintiff,

     v.

NORTHLAND GROUP, INC.,

          Defendant.

---

<u>**APPEARANCES**</u>:

ARI HILLEL MARCUS
MARCUS ZELMAN LLC
1500 ALLAIRE AVENUE
SUITE 101
OCEAN, NJ 07712
     On behalf of Plaintiff

AARON RAPHAEL EASLEY
SESSIONS, FISHMAN, NATHAN & ISRAEL, LLC
3 CROSS CREEK DRIVE
FLEMINGTON, NJ 08822-4938
     On behalf of Defendant

<u>**HILLMAN**</u>**, District Judge**

     Presently before the Court is the unopposed motion of

Defendant to dismiss, and compel arbitration of, Plaintiff's

putative class action complaint, which alleges that Defendant

violated the Fair Debt Collection Practices Act (FDCPA), 15

U.S.C. § 1692 et seq.  For the reasons expressed below,

Defendant's motion will be granted.

## BACKGROUND

Plaintiff, Dollie Gates, alleges violations of the FDCPA arising from the collection of her delinquent and outstanding Citibank, N.A. ("Citibank") credit card debt.  Defendant Northland Group, Inc. ("Northland") is a collection agency, collecting defaulted accounts owed to third parties.

In August 2015, Citibank assigned Plaintiff's account to Northland for collection purposes.  On August 11, 2015, Northland sent Plaintiff a collection letter in an attempt to collect on the delinquent account.  Plaintiff claims that Northland's collection efforts violated the FDCPA because it did not make it clear whether the account was collecting interest. Plaintiff has brought her claims as a putative class action under Fed. R. Civ. P. 23 for all New Jersey consumers who were sent the same or similar collection letter within one year to the date of the filing of the complaint.

Defendant has moved to dismiss Plaintiff's complaint and compel arbitration of her claims on an individual basis, arguing that the credit card agreement, which governs the relationship between Plaintiff, Citibank, and Northland, contains an arbitration provision and a class action waiver applicable to Plaintiff's claims.  Plaintiff has not opposed the motion.[1]

---

[1] When a plaintiff fails to file an opposition to a motion to dismiss, the Court must still address the motion to dismiss on

2

## DISCUSSION

**A.   Subject matter jurisdiction**

The Court has jurisdiction over this matter under 28 U.S.C. § 1331, 15 U.S.C. § 1692 et seq., and 28 U.S.C. § 2201.

**B.   Standard for Motion to Dismiss**

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005).  It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim.  Bogosian v. Gulf Oil Corp., 562 F.2d 434, 446 (3d Cir. 1977).  However, "[a]lthough the Federal Rules of Civil Procedure do not require a claimant to set forth

---

its merits.  Ozerova v. United States, 2016 WL 6518439, at *2 (D.N.J. Nov. 2, 2016) (citing Stackhouse v. Mazurkiewicz, 951 F. 2d 29, 30 (3d Cir. 1991)) (other citation omitted) ("To decline to analyze the merits of a motion to dismiss simply because it is unopposed would be to impermissibly sanction plaintiffs for their failure to respond.").

an intricately detailed description of the asserted basis for relief, they do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n.3 (1984) (quotation and citation omitted). A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'" Bell Atlantic v. Twombly, 550 U.S. 544, 563 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail-in-the-coffin for the 'no set of facts' standard that applied to federal complaints before Twombly.").

A court in reviewing a Rule 12(b)(6) motion must only consider the facts alleged in the pleadings, the documents attached thereto as exhibits, and matters of judicial notice. S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd., 181 F.3d 410, 426 (3d Cir. 1999). A court may consider, however, "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Pension Benefit Guar. Corp.

4

v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).  If any other matters outside the pleadings are presented to the court, and the court does not exclude those matters, a Rule 12(b)(6) motion will be treated as a summary judgment motion pursuant to Rule 56.  Fed. R. Civ. P. 12(b).

### C.   Analysis

The Federal Arbitration Act (FAA) provides that a written arbitration provision contained in a "contract evidencing a transaction involving commerce . . . shall be valid, irrevocable and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2. Under the FAA, a private arbitration agreement is enforceable if (1) a valid arbitration agreement exists between the parties and (2) that the dispute before it falls within the scope of the agreement.  AT&T Mobility LLC v. Conception, 563 U.S. 333, 344–45 (2011); Century Indem. Co. v. Certain Underwriters at Lloyd's, London, 584 F.3d 513, 525 (3d Cir. 2009).

Additionally, arbitration agreements that contain waivers of class actions are valid.  See AT&T Mobility LLC, 563 U.S. at 348; Kobren v. A-1 Limousine Inc., 2016 WL 6594075, at *4 (D.N.J. 2016) (explaining that "neither individual claims nor class arbitration waivers are unconscionable in the context of consumer adhesion contracts, even when there is a clear disparity of bargaining power and when only small monetary

amounts are at issue") (citing Litman v. Cellco Partnership, 655 F.3d 225, 232 (3d Cir. 2011) (rejecting New Jersey law holding that waivers of class arbitration are unconscionable)). "[T]he party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." Green Tree Financial Corp.-Alabama v. Randolph, 531 U.S. 79, 91 (2000).

The arbitration provision contained in Plaintiff's credit card agreement[2] provides:

- "all claims" relating to the account and the relationship with Plaintiff are subject to arbitration, including claims "regarding the application, enforceability, or interpretation of this Agreement and this arbitration provision" regardless of "what legal theory they are based on or what remedy (damages, or injunctive or declaratory relief) they seek," including claims based upon "statutory or regulatory provisions."

- all "Claims made by or against anyone connected with [Citibank] . . . such as . . . an . . . agent, representative . . . [or] assignee" are subject to mandatory arbitration.

---

[2] The Court may consider the credit card agreement, which contains the arbitration provision, even though it was not attached to the complaint because Plaintiff's claims arise out of her credit card contract. Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

- any questions about "whether Claims are subject to arbitration shall be resolved by interpreting [the] arbitration provision [in the Card Agreement] in the broadest way the law will allow it to be enforced."

- Citibank and "any assignee may seek arbitration on an individual basis of any Claim asserted by you, whether in arbitration or any proceeding, including in a proceeding to collect a debt."

- all claims and remedies sought as part of a class action "are subject to arbitration on an individual (non-class, non-representative) basis, and the arbitrator may award relief only on an individual (non-class, non-representative) basis."

- the parties cannot "pursue the Claim in arbitration as a class action."

(Docket No. 19-4.)

Plaintiff claims that Northland, as assignee of Citibank, violated the FDCPA when it sent Plaintiff a collection letter for her debt incurred to Citibank under their credit card agreement.  These claims fall squarely within the credit card agreement's arbitration provision.  Cf. Jeffreys v. Midland Credit Management, Inc., 2016 WL 4443164, at *2 (D.N.J. August 18, 2016) (citing Harris v. Midland Credit Mgmt., Inc., 2016 WL 475349, at *1-3 (D.N.J. Feb. 8, 2016)) (where the credit card

7

issuer assigned the debt to a debt collector, the debt collector was authorized invoke the arbitration provision from the cardholder agreement to move to dismiss the plaintiff's FDCPA claims in favor of arbitration).  Additionally, Plaintiff's putative class action claims are subject to the arbitration provision's class action waiver clause.  See AT&T Mobility LLC, 563 U.S. at 348.

Thus, because Plaintiff has not demonstrated how her claims are unsuitable for arbitration or that the arbitration agreement is otherwise invalid, and Plaintiff has not asked that the Court stay the matter pending arbitration, Plaintiff's complaint must be dismissed in favor of arbitration.  See Singh v. Uber Technologies Inc., --- F. Supp. 3d ---, 2017 WL 396545, at *12 (D.N.J. Jan. 30, 2017) (quoting Lloyd v. Hovensa, LLC, 369 F.3d 263, 269 (3d Cir. 2004) ("The Third Circuit has held that the plain language of § 3 of the FAA "affords a district court no discretion to dismiss a case where one of the parties applies for a stay pending arbitration."  Because neither party requests a stay of the proceedings, the Court dismisses the case in favor of arbitration.")).

An appropriate Order will be entered.


Date:   February 21, 2017          s/ Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.

8